The STATE of Ohio, Appellee,

v.

HAM, Appellant, Appellate.

[Cite as *State v. Ham,* 170 Ohio App.3d 38, 2007-Ohio-133.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 21467 and 21468.

Decided Jan. 12, 2007.

28. Civ.R. 50(A)(4).

29. *Mantua Mfg. Co. v. Commerce Exchange Bank* (1996), 75 Ohio St.3d 1, 4, 661 N.E.2d 161.

Gregory P. Spears, Prosecuting Attorney, for appellee.

Glen H. Dewar, Public Defender, for appellant.

BROGAN, Judge

{¶ 1} This matter comes before us upon two consolidated appeals. In Montgomery County Appellate Nos. 21467 and 21468, Donna Ham appeals from the trial court's entry and order imposing a jail sentence and extending her probation on November 19, 2003; imposing a subsequent jail sentence and further extending her probation on May 11, 2005; and finally extending her probation for five years on November 23, 2005, from the date of her initial offense.

{¶ 2} Ham advances one assignment of error on appeal. She claims that the trial court erred in extending her probationary period after it had revoked her probation and imposed a sentence on two prior occasions in violation of former R.C. 2951.09.

{¶ 3} The record reflects that Ham pleaded guilty to possession of a drug-abuse instrument, a second-degree misdemeanor, and possession of drug paraphernalia, a fourth-degree misdemeanor, in case No. 03CRB1707 on August 14, 2003. She pleaded guilty to possession of a drug-abuse instrument in case No. 03CRB1902 on the same date.

{¶ 4} On September 24, 2003, the trial court sentenced Ham. For possession of a drug-abuse instrument in case Nos. 03CRB1707 and 03CRB1902, the court sentenced Ham to 90 days in jail, imposed a fine of $200, and placed her on probation for two years. Eighty-two days were suspended from her jail sentence on the condition that Ham refrain from other crimes or drug abuse for five years, that she have a drug assessment and follow-up plan through Crisis Care, that she participate in the Women's Group Program, and that she pay any remaining fines and court costs. For possession of drug paraphernalia in case No. 03CRB1707,

the court sentenced Ham to 30 days in jail, imposed a penalty of court costs only, and placed her on probation for two years. Twenty-two days were suspended from her jail sentence on the same conditions as stated above.

{¶ 5} On November 19, 2003, Ham admitted to violating the terms of her probation during a revocation hearing before the trial court. As a result, the court imposed consecutive jail terms of 12 days under case No. 03CRB1707 and 11 days under case No. 03CRB1902. Additionally, the court extended Ham's probation for two years.

{¶ 6} On May 11, 2005, the trial court found that Ham had violated the terms of her probation a second time. For this violation, it imposed consecutive jail terms of 15 days for each case, crediting nine days, and it further extended Ham's probation for two years.

{¶ 7} On November 23, 2005, Ham appeared before the trial court upon her third notice of revocation. Finding her to have violated the terms of her probation again, the court extended Ham's probation for five years from the date of her offense, July 20, 2003.

{¶ 8} It is from these extensions of the terms of Ham's probation that this appeal comes.

I

{¶ 9} In her sole assignment of error, Ham contends that the trial court erred in extending her probationary period on November 23, 2005, after it had previously revoked her probation and imposed a sentence on both November 19, 2003, and May 11, 2005. Specifically, Ham argues that the trial court's orders violated former R.C. 2951.09. We find this argument to be persuasive.

{¶ 10} Although repealed by the General Assembly in 2004, R.C. 2951.09 was in effect during Ham's probation proceedings. Former R.C. 2951.09 provided that "[w]hen a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and *may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority*, at any time during the probationary period." (Emphasis added.) Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7561.

{¶ 11} Ham indicates that two cases directly on point held that the options provided a trial court under this statute were mutually exclusive; therefore, a trial court could not impose part of an original sentence while continuing probation. See *State v. Spencer* (June 14, 2004), Delaware App. No. 03CA11061, 2004 Ohio App. LEXIS 2842; *State ex rel. White v. Taylor* (Mar. 21, 1994), Gallia

App. No. 93CA2, 1994 WL 111331. The state has conceded that the opinion of these two districts is pertinent to the outcome of the present case. Upon review, we find no reason to disagree with the conclusions of these two courts.

{¶ 12} In *Spencer*, the appellant received an initial sentence of two consecutive terms of 180 days in jail. Id. at *1. The trial court suspended 90 days of each sentence and placed the appellant on probation for five years. Id. On two subsequent occasions, the appellant was rearrested and found to be in violation of the terms of his probation. Id. at *2. As a consequence of the first violation, the appellant was ordered to serve 45 days of his original sentence, and he was returned to probation. Id. For the second violation, the trial court sentenced the appellant to the remaining 135 days of his original sentence and terminated his probation. Id.

{¶ 13} On appeal, the appellant argued that the trial court lost jurisdiction pursuant to former R.C. 2951.09 to continue his probation once it was revoked upon the first violation and a part of the original sentence imposed. Id. at *3. The court of appeals agreed. It found that the original probation had been terminated once the trial court imposed a part of the sentence after the appellant's first probation violation. Id. at *4. According to the court, "the statute is written in the disjunctive, providing the trial court with one of two options. The trial court is permitted to either impose the original sentence or to continue probation. The trial court is not permitted to do both." Id.

{¶ 14} A similar conclusion was found by the Fourth District Court of Appeals in *State v. Taylor*. There, the court held that the trial court was without jurisdiction to extend the appellant's probation when the appellant had served six months at the SEPTA Correctional Facility in Nelsonville, Ohio, for violation of the terms of his probation and when the trial court reimposed probation supervision following the appellant's completion of his sentence. Id. at *3.

{¶ 15} The court read former R.C. 2951.09 in conjunction with R.C. 2951.07, the general provision authorizing a court to extend a probationary period up to five years, to find that the statute provides two separate procedures in the event a defendant commits another crime resulting in confinement or violates the terms of his probation. Id. According to the court, when "the defendant is brought back to the court on a probation violation, and the violation did *not* constitute a separate jailable offense, the court has only two options: (1) '*terminate*' probation and impose sentence, or (2) continue probation." (Emphasis sic.) Id.

{¶ 16} In the present action, Ham asserts that the trial court violated R.C. 2951.09 when it imposed a jail term of 23 days as part of the original sentence and extended her probation for two years after revoking Ham's original probation on November 19, 2003. Based on our reading of the statute and the supporting case law, we agree.

{¶ 17} Ham was brought back to the trial court on November 19, 2003, for violating the terms of her probation. Specifically, the court found that she had failed to report to the probation department, to have a drug assessment, to attend the Women's Group Program, and to pay her fines and court costs. At that point, the trial court imposed consecutive jail terms of 12 days under case No. 03CRB1707 and 11 days under case No. 03CRB1902, and it extended her probation for two years. Under former R.C. 2951.09, the court lacked the authority to extend Ham's probation. Once it chose to impose a part of her original sentence for the violation, it was not permitted under the statute to additionally continue her probation. Moreover, the statute prohibited the trial court from continuing its jurisdiction to order further sentences. Therefore, the trial court lacked jurisdiction at the subsequent revocation hearings on May 11, 2005, and November 23, 2005, to sentence Ham to an additional 15 days in jail, in addition to twice extending her period of probation. Ham's sole assignment of error is sustained.

{¶ 18} Accordingly, we find that the trial court erred in extending Ham's probationary period in violation of former R.C. 2951.09 after it had previously revoked her probation and imposed sentences in two separate hearings. The judgement of the Montgomery County Court, Area 1, is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

WOLFF, P.J., and DONOVAN, J., concur.